Guss Mougin, Appellee, v. North Central Mutual Automobile Insurance Association, Appellant.

No. 44185.

March 15, 1938.

Doran & Doran, for appellee.

F. W. Ganoe, for appellant.

Anderson, J.—This action was brought to recover $196.99 as damages to an automobile resulting from a collision with another car which damage was covered by a so-called collision clause in a policy of insurance issued by the defendant insurance company. There were several defenses interposed, including the allegations that appellee was not the owner of the automobile damaged; that no notice or proof of loss was given; that the action was instituted before the expiration of thirty days after notice and proof of loss; and that the automobile covered by the insurance policy was encumbered by a conditional sales con-

tract and said fact was not disclosed to the insurance company at the time the policy was issued. The record discloses the following material facts: The appellant company is a mutual insurance association organized under the laws of the state of Iowa with its principal office in Boone, Iowa. The appellee for some time prior to the accident in question was a member of the insurance company. A policy was issued to the appellee upon an automobile in 1935. Some time after that, while the appellee was in Texas on business, the car insured under this first policy of insurance was exchanged for another car by some members of his family, including his wife, and in this exchange a conditional sales note for an unpaid balance of the purchase price was signed by the appellee's wife and son. Immediately after this exchange the appellee's wife and daughter went to the home office of the insurance company at Boone and told one F. E. Billings, its president, that she had traded off the old automobile for a better one and that she wanted the original policy of insurance transferred to cover the new car. She and her daughter testified that they told him of the conditional sales note, and Billings, the president of the company, had the wife sign a blank application form to complete the transfer of the insurance. It appears that this blank form was afterwards filled out by someone in the insurance office and the answers to the questions as to whether the automobile was fully paid for or whether it was bought on the installment plan were not filled in. The collision in which the appellee's car was damaged occurred on the 29th day of November, 1936, on one of the highways of this state. On the day following the accident the record shows that Ruth Mougin, appellee's daughter, called the president of the insurance company, Billings, and told him of the collision, and the president and some other officer or employee of the company went to the home of the appellee to investigate on that day and the following day. A son of the appellee obtained from a motor company an itemized statement of the loss and damage to the insured automobile and presented the claim for damages to the appellant company personally, and, failing to get an adjustment or payment, returned to the insurance company office on two other occasions attempting to obtain an adjustment or payment of the loss. On the last of these visits the president of the company made a complete denial of all liability under the policy, and later, and on December 2, 1936, the said

president of the insurance company wrote to the appellee in Texas advising him of the cancellation of his policy as of the date December 7, 1936, which was more than a week after the collision occurred. A check accompanied the attempted cancellation of the policy for some unearned premium, but the premium up to December 7, 1936, was retained by the company. In this letter the president denied any and all liability under the policy of insurance involved.

Following the occurrences here detailed, this action was commenced upon the policy on the 24th day of December, 1936, claiming judgment by reason of damages in the amount of $196.99. The defenses, we have heretofore mentioned, were interposed by the insurance company, and, after motions for directed verdict were overruled, the case was submitted to the jury resulting in a verdict for the amount claimed by plaintiff, to wit, $196.99, and from this judgment and the order overruling a motion for a new trial this appeal is prosecuted.

Appellant has not strictly followed Rule 30 of this court in the preparation of its brief and argument, but, with some difficulty, we conclude that the errors relied upon by the appellant are that the court erred in not directing a verdict for the appellant on its motions at the close of the testimony, and that the court erred in certain of its instructions to the jury, to wit, instructions Nos. 1, 3, and 4, and further that the court erred in not giving certain instructions requested by the appellant.

■■■ As to the defendant's first complaint that there was error in refusing to direct a verdict, we are satisfied there is no merit. The record clearly presented questions of fact not only as to the actual knowledge of the president of the company at the time of the issuance or transfer of this policy as to the fact that a conditional sales or purchase money note was outstanding at the time the policy was issued, but also as to the question of waiver of the filing of notice and proof of loss. These questions were properly and fairly submitted to the jury by the court's instructions and answered adversely to the claim of the defendant company by the verdict of the jury.

Complaint is made of the giving by the court of instruction No. 1, but this instruction simply stated the plaintiff's claim to the jury, and the defendant does not point out in what particular the court erred in giving this instruction; and at most the instruction is not subject to any objections or exceptions. It

simply set out plaintiff's claim and recited the allegations of a reply to defendant's answer alleging waiver of the conditions of the policy.

■■■ Objection is made to the giving of instruction No. 4, and the single objection to this instruction is as to the language used in the instruction as follows:

"The issuance of Exhibit A, the policy on which this suit is based by the defendant, is conceded, and you will take it as an established fact in the case that such policy was actually issued to the plaintiff *as claimed by him*, and that subject to the various propositions stated in the last preceding instruction, defendant is bound by its undertakings in said policy of insurance."

The words we have italicized are the basis of appellant's complaint as to this instruction. The appellant contending that the use of these words, "*as claimed by him*", told the jury in substance that the defendant knew of the conditional sales contract at the time they issued the policy and that that question was not for their determination. This instruction, as well as all others in this or any other case, must be read in connection with the entire instructions. Instruction No. 3, which preceded instruction No. 4, was as follows:

"To prevail in this case, it is encumbant on the plaintiff to prove by a preponderance of the evidence the following propositions:

"1.    That on or about June 27th, 1936, the defendant issued to plaintiff the policy identified as Exhibit A. This claim, however, is admitted by the defendant, and is to be taken by you as an established fact;

"2.    That the plaintiff was the owner of the insured automobile from the time of the issuance of Exhibit A to the time of the accident in question;

"3.    That defendant waived the conditional sales lien on said car when said policy was issued;

"4.    That on or about November 29th, 1936, said car accidentally came into collision with another automobile;

"5.    That at the time of such collision plaintiff's car was being legally operated by the driver thereof with plaintiff's knowledge and consent;

"6. That the insured automobile was damaged in said accidental collision, and the amount of such damages.

"These propositions will be more fully explained in the instructions to follow. For present purposes it is enough to say that it is your duty to consider and pass on these various propositions; and if they have all been established by a preponderance of the evidence, plaintiff would be entitled to a verdict at your hands; but if he has failed so to establish any one of them, he has failed in his case, and your verdict should be for the defendant."

The court then took up separately the various propositions set out in instruction No. 3 and submitted and explained them to the jury. And in instruction No. 6 the court instructed that, unless the conditional sales lien was waived, the defendant would not be liable under the policy, and, in instruction No. 8, the court fully and carefully submitted this question of waiver to the jury. We conclude without any hesitation that there was no error in thus submitting the issues and controverted fact questions to the jury. There is no warrant in the record for appellant's statement in argument that the question of fact as to whether or not the appellant company knew of the conditional sales lien was not submitted to the jury. It certainly was specifically submitted to the jury under instructions Nos. 3, 6, 7, and 8. And appellant's complaint in this regard is without merit, and the manner that it was referred to in instruction No. 7 is not at all objectionable under the record.

We have carefully considered this record, including the court's instructions, and it is our conclusion that the case was fairly tried; that the disputed questions of fact were properly and fairly submitted to the jury by the court's instructions; and that the verdict of the jury is amply sustained by the record. An affirmance necessarily follows.—Affirmed.

STIGER, C. J., and KINTZINGER, DONEGAN, MITCHELL, RICHARDS, HAMILTON, SAGER, and MILLER, JJ., concur.